# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TONY ASHTON, #352046  \*

Plaintiff  \*

v  \*  Civil Action Case No. ELH-11-3365

KATHLEEN GREEN, Warden  \*

Defendant  \*

\*\*\*

## MEMORANDUM

Tony Ashton, an inmate at Eastern Correctional Institution ("ECI"), complains that his requests for transfer to a facility closer to his family have been unsuccessful. The court will grant his motion to proceed in forma pauperis, and for reasons to follow, construe his pleading as a prisoner civil rights complaint under 42 U.S.C. § 1983, and dismiss the complaint for failure to state a claim upon which relief can be granted.

The court is mindful that Ashton is a self-represented litigant and accords his pleading liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A district court, however, must dismiss any action or claim filed by an inmate if it determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(l); 42 U.S.C. § 1997e(c).

Ashton filed his claims on a pre-printed form for habeas corpus petitions filed under 28 U.S.C. § 2241. A § 2241 petition is used to attack the manner in which a sentence is executed, and is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 474, 499-500 (1973) (a civil rights action is a proper remedy for a prisoner challenging the conditions of confinement). Habeas relief under § 2241 "is appropriate only when a prisoner attacks the fact or duration of confinement; whereas, challenges to the conditions of confinement that would not result in a definite reduction in

the length of confinement are properly brought [in a civil rights action.]" *Olajide v. B.I.C.E*., 402 F.Supp.2d 688, 695 (E.D.Va. 2005) (internal citations omitted); s*ee Ajaj v. Smith*, 108 F. App'x 743, 744 (4th Cir. 2004) (indicating that a § 2241 petition alleging constitutional violations at a federal prison was properly construed as a *Bivens* action); *see also Robinson v. Sherrod*, 631 F.3d 839 (7th Cir. 2011) (stating a federal habeas petition may not be used to challenge the conditions of confinement which do not have even an indirect effect on duration of punishment); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (holding that an inmate challenging the conditions under which he is being held may not seek relief under § 2241).

Section 1983 provides a remedy against any person who, acting under color of law, deprives another of constitutional rights. It "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). Given the facts alleged, Ashton is not entitled to relief because he has no legal right to, or liberty interest in, a particular security classification or placement in a particular facility. *See, e.g., Moody v. Daggett*, 429 U.S. 78 (1976); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Slezak v. Evatt*, 21 F. 3d 590, 594 (4th Cir. 2000).

Ashton does not allege, nor do his allegations suggest, any violation of a constitutional right or federal law. Consequently, the court will dismiss the petition for failure to state a claim upon which relief can be granted. A separate order follows.

December 14, 2011　　　　　　　　　　　　　　/s/  
Date　　　　　　　　　　　　　　　　　　　　Ellen L. Hollander  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge